WALTER J. MOSENTHAL, EXECUTOR, ESTATE OF PHILIP J. MOSEN-THAL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6994.   Promulgated June 4, 1928.

*John McG. Goodale, Esq.,* and *Bert Hanson, Esq.,* for the petitioner.

*W. Frank Gibbs, Esq.,* for the respondent.

## OPINION.

PHILLIPS: This proceeding was presented to the Board upon the pleadings and a stipulation of facts. The single question raised by the pleadings is whether the Commissioner committed error when he determined that the decedent reecived in the taxable year from H. Mosenthal & Son., Inc., salary and bonus totaling $45,078.52. This amount is made up of salary of $25,000 and an alleged bonus of $20,078.52, which however was not voted or paid to the decedent until the following year. It is clear that the Commission did commit error in determining that such bonus was taxable to the decedent as salary in 1920 and this is substantially admitted in the brief filed by counsel for the respondent. See *J. M. Edmunds*, 1 B. T. A. 998; *Morris Cohn*, Jr., 6 B. T. A. 586; *Wilson Marks*, 6 B. T. A. 729.

In his brief counsel for respondent contends that since the decedent was a stockholder of a personal service corporation and it

368

was from this corporation that the salary and bonus in question were received, the amount of the bonus determined in 1921 was a part of decedent's distributive share of the 1920 profits of the corporation. Section 218 of the Revenue Act of 1918 provides:

\* \* \* Amounts distributed by a personal service corporation during its taxable year shall be accounted for by the distributees; and any portion of the net income remaining undistributed at the close of its taxable year shall be accounted for by the stockholders of such corporation at the close of its taxable year in proportion to their respective shares.

Under the provisions of this section decedent was required to report as income the amount actually distributed to him in 1920 and his portion of the undistributed net income of the corporation proportioned upon his stockholdings. It is clear that the bonus voted in 1921 was not an amount distributed to the decedent in 1920 and it is equally clear that the distributive shares of the stockholders were determinable at the close of 1920 without reference to the subsequent action of the directors. For purposes of taxation the action taken in 1921, not being pursuant to any legal or enforceable obligation, did not change the amount of the distributive shares of 1920 income to be reported by the stockholders upon their 1920 income-tax returns. The respondent committed error in treating as 1920 income the bonus paid to the decedent in 1921 and in eliminating from his income in 1920 the bonus voted and paid him in that year.

Reviewed by the Board.

*Decision will be entered for the petitioner under Rule 50.*